# IN THE COURT OF APPEALS OF IOWA

No. 24-1320
Filed May 7, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CEDRIC LEE TAYLOR,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Erica Crisp, Judge.


Following a guilty plea, a defendant appeals the district court's imposition of a sentence consistent with the plea agreement. **APPEAL DISMISSED.**


Grant A. Woodard and Reuben A. Neff of Wandro, Kanne, & Lalor, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.


Considered without oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

In March 2023, Cedric Taylor entered a written plea agreement with the State to plead guilty to one count of harboring a runaway child, an aggravated misdemeanor in violation of Iowa Code section 710.8 (2023), in Dallas County case number AGCR046667. The written agreement provided that if Taylor received a prison sentence in another pending case, FECR372121, then Taylor would also receive a prison sentence in AGCR046667, to be served concurrently.[1] The written plea agreement acknowledged the statutory-maximum two-year term of incarceration plus fines. *See* Iowa Code § 903.1(2). Multiple continuances were granted to delay sentencing as the parties awaited Taylor's sentencing in FECR372121. In the instant proceeding, Taylor waived his right to appear in person for the plea taking and sentencing.

For the purposes of sentencing, Taylor waived formal record, and the parties submitted a proposed order for the court. The district court was informed that Taylor had been sentenced to prison in FECR372121. The court accepted the plea agreement. Taylor was sentenced to an indeterminate two-year prison term to be served concurrently with the prison term imposed in FECR372121. He was assessed the statutory minimum fine of $855 which was suspended due to incarceration. Taylor appeals.

The State does not challenge good cause—a jurisdictional requirement for an appeal following a guilty plea to an aggravated misdemeanor. *See* Iowa Code § 814.6(1)(a)(3); *State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023). "But even

---

[1] In a separate appeal, Taylor challenged the sentence imposed in FECR372121. This appeal only concerns the sentence imposed in AGCR046667.

if a challenge is not made to our jurisdiction over an appeal, we must still determine independently whether we have jurisdiction." *State v. Doyle*, No. 24-0033, 2024 WL 4502134, at *3 (Iowa Ct. App. Oct. 16, 2024) (citing *Crowell v. State Pub. Def.*, 845 N.W.2d 676, 681 (Iowa 2014)); *see also State v. Hidlebaugh*, No. 23-2016, 2025 WL 271367, at *1 (Iowa Ct. App. Jan. 23, 2025) ("Although the State concedes that we have jurisdiction, we are not bound by the concession.").

The singular issue in this appeal is whether the district court abused its discretion in imposing the prison sentence. Before we can consider that question, Taylor must establish good cause. *See Rutherford*, 997 N.W.2d at 144 ("If good cause is lacking, the court has no jurisdiction, and the appeal must be dismissed.").

It is true that generally a defendant can establish good cause by appealing the sentence imposed following a guilty plea rather than the plea itself, but this general rule is limited to circumstances in which the defendant "receive[s] a discretionary sentence that was neither mandatory nor agreed to as part of [the] plea bargain." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). In situations such as this one, in which the defendant does not allege a procedural error and appeals a sentence that conforms with the plea agreement, we have continually determined the defendant failed to establish good cause. *See State v. Cart*, No. 23-1338, 2025 WL 854775, at *2 (Iowa Ct. App. Mar. 19, 2025) (collecting cases); *State v. Sines*, No. 22-0042, 2023 WL 3089881, at *2 (Iowa Ct. App. Apr. 26, 2023) (same).

Taylor does not argue the sentence imposed exceeded the scope of the plea agreement. The plea agreement contemplated an indeterminate two-year prison term if Taylor received a prison sentence in his separate proceeding. The

established condition was met. As such, the imposed sentence conforms with the plea agreement. Accordingly, Taylor has not established good cause, and we must dismiss the appeal.

**APPEAL DISMISSED.**